

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-77,091

### RONALD LEE HASKELL, Appellant

### v.

### THE STATE OF TEXAS

### ON DIRECT APPEAL FROM CAUSE NO. 1434395
### IN THE 351ST JUDICIAL DISTRICT COURT
### HARRIS COUNTY

*Per curiam.* MCCLURE, J., not participating.

### ORDER

The above-styled and numbered cause is pending before this Court as a result of

Appellant's capital murder conviction and resulting sentence of death in the 351st Judicial

District Court of Harris County, Cause No. 1434395, styled The State of Texas v. Ronald

Lee Haskell. On February 24, 2021, Appellant filed a motion requesting this Court to

abate the appeal and to "order the trial court to complete findings of fact and conclusions

of law pertaining to Appellant's two denied motions to suppress."[1] *See State v. Cullen,* 195 S.W.3d 696, 699 (Tex. Crim. App. 2006)(holding that a trial court must make findings when requested by the losing party on a motion to suppress evidence).

On March 10, 2021, without abating the case, we ordered the trial court to make the requested findings and conclusions and the clerk to supplement the record with those findings and conclusions within 30 days. *See* TEX. R. APP. P. 34.5(c)(2). However, on March 11, 2021, the State filed in this Court a "Motion for Reconsideration of Order Remanding for Findings and Conclusions." The State asserts that Judge George Powell, who presided over Appellant's trial, is "ineligible to serve as a visiting judge by assignment at this time to issue any additional factual findings or legal conclusions related to the suppression motions." The State complains that Appellant "made no effort to seek findings from the trial judge in the year and a half Judge Powell sat on the bench and could have provided them other than asking one question about findings during the hearing." The State further contends that "[t]he judge to whom this case has been remanded is in no better position to issue findings than this Court is because she too is confined to the reporter's record, motions, and responses without having observed the hearing."

Having considered the State's motion, we now stay the proceedings, and we order

---

[1] Appellant specifically referred to his "Motion to Suppress Custodial Oral Statements and All Evidence Derived from Any Unlawful Seizure of the Accused" and "Motion to Suppress Evidence Derived from Unlawful Search Warrants A-G," which the trial court denied during a motions hearing on June 27, 2019.

both parties to brief the following issue:

> Did Appellant's failure to notify the trial court that findings were past due while the trial judge who presided over the hearing still held his position result in a forfeiture of Appellant's right to findings under *Cullen*?

Briefs from both Appellant and the State are due in this Court within 30 days of the date of this order.

IT IS SO ORDERED THIS THE 28TH DAY OF APRIL, 2021.

Do not publish